THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY<br>1411 K Street, NW, Suite 1300<br>Washington, D.C. 20005,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS<br>441 G Street, NW<br>Washington, D.C. 20314-1000,<br><br>*Defendant*. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF**<br><br>**(Freedom of Information Act, 5 U.S.C. § 552)** |

## INTRODUCTION

1. In this action brought under the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), the Center for Biological Diversity ("Center")—an environmental conservation organization that works to prevent the extinction of wild species and protect their habitats—challenges the U.S. Army Corps of Engineers ("the Corps") violation of FOIA resulting from their failure to conduct adequate searches and to provide records in response to the Center's FOIA request seeking records showing action taken by the Defendant in response to the Corps' analysis for the current construction plan for the levee and/or flood barrier system work of approximately 13.4 miles in the Rio Grande Valley, Texas, which is scheduled to be completed by or around spring 2022.

2. On January 20, 2021, President Joseph R. Biden issued Proclamation 10142, entitled "Termination of Emergency with Respect to the Southern Border of the United States and Redirection of Funds Diverted to Border Wall Construction" ("Proclamation"), which directed the Secretary of Defense and the Secretary of Homeland Security to "pause work on

1

each construction project on the southern border wall." 86 Fed. Reg. 7,225, Sec. 1(a)(i) (Jan. 20, 2021).

3. On June 9, 2021, the Department of Homeland Security ("DHS") stated that there was an exception to the pause including in the Rio Grande Valley of Texas where it will "construct and/or remediate approximately 13.4 miles of compromised levee." Border Wall Plan Pursuant to Presidential Proclamation 10142, U.S. Department of Homeland Security at Sec. II (June 9, 2021). DHS noted it would not engage in any environmental review. *Id*.

4. As of the filing of this complaint, the Defendant has failed to produce any records responsive to the Center's FOIA request, which the Center submitted on October 5, 2021.

5. Prompt access to these records is necessary to effectuate FOIA's purpose of transparency. Thus, the Center seeks from the Court declaratory relief establishing that the Defendant has violated FOIA and injunctive relief directing Defendant to conduct an adequate search that uses the date of the search as the cut-off date and to release any improperly withheld records, including all reasonably segregable portions of any lawfully exempt records, without any further delay.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8. Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202. Declaratory relief is appropriate under 28 U.S.C. § 2201.

## PARTIES

9. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States. The Center has more than 74,000 members. The Center and its members are harmed by the Defendant's violations of FOIA, as such violations preclude the Center from gaining a full understanding of the ongoing border wall construction in Rio Grande Valley, Texas, especially since DHS stated it would not engage in any environmental review. The Defendant's failures to comply with FOIA harms the Center's ability to provide full, accurate and current information to the public on a matter of public interest. Absent this information, the Center cannot advance its mission to protect native species and their habitat.

10. Defendant U.S. ARMY CORPS OF ENGINEERS is a federal agency within the Department of Defense. The Corps is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). The Corps is a federal entity responsible for applying and implementing the federal laws and regulations at issue in this complaint.

## STATUTORY BACKGROUND

11. FOIA's basic purpose is for government transparency. FOIA requires federal agencies to release requested records to the public unless one or more specific statutory exemptions applies. 5 U.S.C. § 552(b)(1)-(9).

12. Within 20 working days of receiving a FOIA request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefor, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id*. § 552(a)(6)(A)(i).

13. Only in "unusual circumstances" may an agency extend the time to make a final determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id*. § 552(a)(6)(B)(i). If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." *Id*. § 552(a)(6)(B)(ii).

14. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id*. § 552(a)(3)(C)-(D). Using the date of a FOIA request as the cut-off date for its search is not always reasonable, while using the date that the agency commences its search has consistently been found to be reasonable.

15. FOIA requires federal agencies to promptly disclose requested records. *Id*. § 552(a)(3)(A), (a)(6)(C)(i).

16. In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id*. § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

17. FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id*. § 552(a)(4)(B).

18.     FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id*. § 552(a)(4)(B).

## FACTUAL BACKGROUND

A. <u>Background to the FOIA Request</u>

19.     On January 25, 2017, President Donald J. Trump issued Executive Order No. 13767, entitled "Border Security and Immigration Enforcement Improvement" ("Executive Order"), which directed DHS to construct a "secure, contiguous, and impassable physical barrier" along the entirety of the nearly 2,000 mile-long U.S.-Mexico border.

20.     In 2018 and 2019, Secretary Kirstjen M. Nielsen and Acting Secretary Kevin K. McAleenan proposed construction of the Rio Grande Valley Sector Project, which would result in approximately 24.6 miles of new border wall construction in Cameron and Hidalgo Counties, in south Texas.

21.     The new border wall construction, "where no barriers currently exist," consists of 18-foot tall bollard fencing atop vertical concrete river levees, bounded by a 150-foot-wide "enforcement zone" on the river facing side of the barrier that will be cleared of vegetation. The wall will also be accompanied by road construction for law enforcement and private property owners, and installation of 24-7 stadium-style, high-intensity lighting, cameras, and sensors. 83 Fed. Reg. 51,472 (Oct. 11, 2018); 84 Fed. Reg. 45,787 (Aug. 30, 2019); 84 Fed. Reg. 52,118 (Oct. 1, 2019); and 84 Fed. Reg. 58,400 (Oct. 31, 2019).

22.     On January 20, 2021, President Joseph R. Biden issued Proclamation 10142, entitled "Termination of Emergency with Respect to the Southern Border of the United States and Redirection of Funds Diverted to Border Wall Construction" ("Proclamation"), which

directed the Secretary of Defense and the Secretary of Homeland Security to "pause work on each construction project on the southern border wall." The Proclamation allows an exception to the pause "for urgent measures needed to avert immediate physical dangers."

23. On April 30, 2021, DHS announced steps to repair the holes in the Rio Grande Valley's Flood Barrier System, which occurred during the Trump administration's efforts to build border levee wall. DHS stated it would "quickly repair" the flood barrier system and noted "[t]his work will not involve expanding the border barrier." DHS Announces Steps to Protect Border Communities from Wall Construction, DHS (Apr. 30, 2021).

24. On June 9, 2021, DHS stated "while remaining consistent with President Biden's commitment that 'no more American taxpayer dollars [should] be diverted to construct a border wall'" that there was an exception to the pause including in the Rio Grande Valley of Texas where it will "construct and/or remediate approximately 13.4 miles of compromised levee." Border Wall Plan Pursuant to Presidential Proclamation 10142, U.S. Department of Homeland Security at Sec. II (June 9, 2021). DHS noted it would not engage in any environmental review as it was relying on the previously issued waivers under section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act and the levee work would be funded from the FY 2021 appropriations for border barrier funding. *Id*. at Sec. II, Sec. IV.

**B. FOIA Request: 22-0002/FP-22-000608**

25. On October 5, 2021, the Center submitted a FOIA request to the Corps' FOIA e-mail address FOIA-SWF@usace.army.mil. In that request, the Center sought "[t]he Corps' analysis for the current construction plan for the levee and/or flood barrier system work of approximately 13.4 miles in the Rio Grande Valley, Texas, which is scheduled to be completed by or around spring 2022."

6

26. On November 4, 2021, after receiving no further communications from the Corps, the Center sent a letter notifying the Corps that it had violated FOIA by failing to make a final determination on the Center's FOIA request within FOIA's statutory deadline and offering to assist in any way.

27. On November 5, 2021, the Corps acknowledged the Center's letter and email sent on November 4, 2021, and the Center's FOIA request received on October 5, 2021. The Corps assigned it tracking number 22-0002/FP-22-000608 and stated that "'Border' FOIAs are processed a little differently from regular FOIAs in that they must be coordinated with other offices within the Corps of Engineers, as well as other Agencies. With that being said, there will be a delay in the processing of this request."

28. As of the date of this complaint, which is 56 workdays after the 20-workday determination deadline of November 3, 2021, the Center has received no records and no additional communications from the Corps regarding the Center's FOIA request.

29. In connection with the Center's FOIA request, the Corps has not requested additional information from the Center or notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination. 5 U.S.C. § 552(a)(6)(A)-(B).

30. The Corps' failure to conduct an adequate search for responsive records and failure to provide all responsive records to the Center undermine FOIA's primary purpose of transparency and openness in government.

31. The Center has been required to expend resources to prosecute this action.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

Failure to Conduct an Adequate Search for Records Responsive to the FOIA Request

32. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

33. The Center has a statutory right to have the Corps process its FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

34. The Corps violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request.

35. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Corps in the foreseeable future.

36. The Center's organizational activities will be adversely affected if the Corps continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA request.

37. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Corps will continue to violate the Center's rights to receive public records under FOIA.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

Failure to Promptly Disclose Records Responsive to FOIA Request

38. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

39. The Corps violated FOIA and the Corps' implementing regulations for FOIA by failing to promptly disclose records that are responsive to the Center's FOIA request.

40. None of FOIA's statutory exemptions apply to the records that the Center seeks.

41. The Center has a statutory right to the records it seeks.

42. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Corps in the foreseeable future.

43. The Center's organizational activities will be adversely affected if the Corps continues to violate FOIA's disclosure provisions as it has in this case.

44. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, the Corps will continue to violate Plaintiff's rights to receive public records under FOIA.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

45. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

46. The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

47. The Corps violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's FOIA request.

48. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Corps in the foreseeable future.

49. The Center's organizational activities will be adversely affected if the Corps is allowed to continue violating FOIA's disclosure provisions as it has in this case.

50. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Corps will continue to violate the Center's rights to receive public records under FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. Order Defendant to conduct a search that is reasonably calculated to locate all records responsive to Plaintiff's FOIA request, with the cut-off date for such search being the date the search is conducted, and to provide Plaintiff with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

2. Declare that Defendant's failure to undertake a search that is reasonably calculated to locate all records that are responsive to Plaintiff's FOIA request, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

3. Declare that Defendant's failure to disclose the requested records to Plaintiff, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

4. Declare that Defendant's failure to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(6), 552(a)(7).

5. Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

6. Grant such other and further relief as the Court may deem just and proper.

\* \* \*

DATED: January 27, 2022    Respectfully submitted,

*/s/ Paulo A. Lopes*
Paulo A. Lopes (D.C. Bar No. 1012910)
Telephone: (202) 849-8398
plopes@biologicaldiversity.org
William J. Snape, III (D.C. Bar No. 455266)
Telephone: (202) 536-9351 (cell)
Telephone: (202) 274-4443 (land)
wsnape@wcl.american.edu
Center for Biological Diversity
1411 K Street, NW, Suite 1300
Washington, DC 20005

*Attorneys for Plaintiff*